**Stephen V. Piucci OSB No. 821056**
**Joseph E. Piucci OSB No. 135325**
Piucci Law
900 SW Thirteenth Avenue, Ste. 200
Portland, Oregon 97205
Telephone:  503-228-7385
Facsimile:  503-228-2571

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| **JESSE SCHOCK,** an individual | Case No. |
| Plaintiff, | COMPLAINT |
| v. | **JURY DEMAND** |
| **BIGGE CRANE AND RIGGING CO.,** a California corporation**; INDUSTRIAL INSPECTION & ANALYSIS, INC.,** a foreign corporation; and **AERIAL & CRANE EXPERTS, INC., a** California corporation**,** | |
| Defendants. | |

## JURISDICTION AND PARTIES

1.

This lawsuit arises out of catastrophic injuries sustained by plaintiff Jesse Schock on October 1, 2024, at the Wheatridge East wind energy project in Morrow County, Oregon.

2.

Plaintiff Jesse Schock is a citizen and resident of the State of Oregon.

Page 1 -     COMPLAINT

3.

Defendant Bigge Crane and Rigging Co. ("Bigge") is a California corporation with its principal place of business at 10700 Bigge Avenue, San Leandro, California, and is therefore a citizen of California.

4.

Defendant Industrial Inspection & Analysis, Inc. ("IIA"), is a foreign corporation that operates the IIA Lifting Services division and is a citizen of a state other than Oregon.

5.

Defendant Aerial & Crane Experts, Inc. ("ACE"), is a California corporation with its principal place of business in Sonora, California, and is therefore a citizen of California. IIA acquired ACE in May 2024, and ACE operates as part of IIA's Lift and Crane Services division.

6.

This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a). The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

7.

Venue is proper in the District of Oregon, Pendleton Division, under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to plaintiff's claims occurred in Morrow County, Oregon.

**COMMON ALLEGATIONS**

8.

At all material times, plaintiff was employed by Blattner Energy, LLC ("Blattner Energy"), as a general laborer assigned to a base-mid assembly crew installing wind turbines at

Page 2 -    COMPLAINT

PIUCCI LAW
900 SW 13th Ave. Suite 200
Portland, Oregon 97205
Telephone: (503) 228-7385
Fax: (503) 228-2571

the Wheatridge East wind project. The project is located approximately 13 miles east of Heppner, Oregon, in Morrow County.

9.

At all material times, defendant Bigge owned and supplied to Blattner Energy a 90-ton Link-Belt Model RTC-8090 Series II rough-terrain crane bearing Serial No. N4K2-2869 and Bigge Owner's Identification RTC90154 (the "subject crane"). Bigge supplied the subject crane to Blattner Energy for use in turbine installation at the Wheatridge East project.

10.

On or about August 9, 2024, approximately fifty-three days before plaintiff's injury, defendants IIA and ACE jointly inspected and certified the subject crane for lifting service. They issued a California Department of Industrial Relations, Division of Occupational Safety and Health, Certificate of Unit Test and/or Examination of Cranes and Derricks Used for Lifting Service, under DOSH License No. CA-02. Nicky Starling signed the certificate as field surveyor on behalf of IIA and ACE.

11.

On October 1, 2024, at approximately 8:50 a.m., plaintiff was performing crane mobilization work at the T-18 turbine site. The crew was preparing to move the subject crane from the T-18 site to its next location. As part of that work, plaintiff was assigned to remove the outrigger float plate from the front-left outrigger of the subject crane.

12.

To remove the float plate, plaintiff was required to extract a cotter pin located at the bottom of the outrigger leg. To reach the cotter pin, plaintiff placed his left hand between the bottom of the outrigger beam and the outrigger float plate while using his right hand to manipulate the pin. Before doing so, plaintiff made eye contact with the crane operator, who showed him that his hands were off the controls.

PIUCCI LAW
900 SW 13th Ave. Suite 200
Portland, Oregon 97205
Telephone: (503) 228-7385
Fax: (503) 228-2571

13.

Plaintiff did not know it then, but the subject crane's outrigger cylinder was capable of retracting without operator input. The hydraulic system stored or accumulated pressurized energy in the outrigger cylinder circuit, and the system had no valve, lock, or other engineering control that would prevent the cylinder from retracting after the operator released the controls. While plaintiff worked the pin, stored hydraulic energy or a hydraulic malfunction caused the outrigger cylinder to retract on its own. The outrigger beam descended toward the float plate. A protruding metal plate at the bottom of the outrigger came into contact with the float, creating an unguarded crush point. Plaintiff's left hand was caught in that crush point and crushed.

14.

The subject crane had no warning sticker, decal, guard, shield, barrier, or other engineering control at the outrigger crush point. Four days after the incident — on October 5, 2024 — Blattner Energy installed hazard stickers at the crush points of the rough-terrain crane's outriggers as a short-term safety control. Before plaintiff's injury, none of the defendants required, installed, or recommended any warning or guard at the outrigger crush point.

15.

As a direct and proximate result of the incident, plaintiff suffered the following catastrophic, painful, and disabling injuries:

a)   Open crush injury of the left thumb;

b)   Severely comminuted open displaced fracture of the left first metacarpal, with involvement of the first carpometacarpal joint articular surface;

c)   Complex ten-centimeter laceration of the left hand;

d)   Left wrist triangular fibrocartilage complex (TFCC) tear;

e)   Surgical irrigation and debridement of the open fracture, and percutaneous pinning of the left first metacarpal with K-wires;

Page 4 -    COMPLAINT

f)      Repeat open reduction and internal fixation of the left first metacarpal;

g)      Pending left wrist arthroscopic debridement with repair of the TFCC; and

h)      Permanent loss of function, strength, and use of the left hand and wrist.

16.

As a result of the incident and the negligence and fault of defendants, plaintiff has incurred medical expenses and will incur future medical expenses, and has suffered wage loss and loss of future earning capacity, all to his economic damages in an amount to be determined by a jury.

17.

As a further result of the incident and the negligence and fault of defendants, plaintiff has suffered permanent injuries resulting in pain, embarrassment, emotional distress, loss of enjoyment of normal activities and recreation, all to his noneconomic damages in an amount to be determined by a jury.

## CLAIMS FOR RELIEF

### FIRST COUNT

### Defendant Bigge Crane and Rigging Co.

Negligence Per Se — Violation of ORS 654.305

18.

The work plaintiff was engaged in was work involving risk or danger in that it required him to work with and around a 90-ton mobile crane and its outrigger system, in close proximity to hydraulic crush points capable of inflicting catastrophic injury.

19.

At the time of plaintiff's injury, plaintiff's employer Blattner Energy and defendant Bigge were engaged in a common enterprise within the meaning of the Employer Liability Law

Page 5 -    COMPLAINT

in that Blattner Energy and Bigge were each engaged in work that would result in the completion of wind turbine installation at the Wheatridge East project. Their work was intermingled, both physically and operationally. The subject crane that Bigge supplied was the central instrumentality of Blattner Energy's turbine installation work, and the work of each could not have been performed without the work of the other.

20.

At the time of plaintiff's injury, defendant Bigge retained the right to control the work or instrumentality causing harm to plaintiff. Bigge owned the subject crane, retained title to it, and retained the right to inspect, maintain, repair, modify, recall, and dictate the safe configuration of the crane.

21.

At the time of plaintiff's injury, defendant Bigge actually controlled the work or instrumentality causing harm to plaintiff. Bigge owned and supplied the subject crane to Blattner Energy with knowledge that ground-crew employees would work in close proximity to the outrigger crush points during routine setup and teardown, and Bigge controlled the design configuration, hazard warnings, and protective equipment of the crane as delivered.

22.

At the time of plaintiff's injury, defendant Bigge was negligent in failing to use every device, care and precaution which was practicable to use for the protection and safety of employees. Specifically, defendant Bigge was negligent in one or more of the following particulars:

    i)    In failing to inspect the subject crane for unguarded crush points at the outrigger assembly before supplying it to Blattner Energy;

//

//

Page 6 -     COMPLAINT

PIUCCI LAW
900 SW 13th Ave. Suite 200
Portland, Oregon 97205
Telephone: (503) 228-7385
Fax: (503) 228-2571

j)    In failing to install a guard, shield, barrier, or other engineering control at the outrigger crush point capable of preventing employees' hands from being caught between the outrigger beam and the float plate during cylinder retraction;

k)    In failing to install a warning sticker, decal, or other visible hazard communication at the outrigger crush point identifying the location and nature of the pinch and crush hazard;

l)    In supplying the subject crane with no warning or guard at the outrigger crush point, despite the crush point's existence, accessibility, and foreseeable use during routine setup and teardown;

m)    In failing to develop and provide written safe-operating procedures for the removal of the outrigger float plate that addressed the crush hazard;

n)    In failing to inspect, repair, or retrofit the subject crane to add hazard warnings and crush-point guards consistent with industry standards;

o)    In failing to recall or refuse to rent the subject crane until the unguarded crush point was corrected;

p)    In failing to warn Blattner Energy, plaintiff, and other workers exposed to the subject crane of the unguarded crush point;

q)    In failing to maintain an effective program for identifying, mitigating, and warning about pinch and crush hazards on the cranes Bigge owns and supplies;

r)    In failing to inspect, maintain, and repair the hydraulic system of the subject crane so that the outrigger cylinder would not retract once the operator released the controls;

s)    In failing to install or maintain hydraulic check valves, counterbalance valves, or other engineering controls that would prevent unintended retraction of the outrigger cylinder due to stored energy, leak-down, or hydraulic malfunction;

Page 7 -    COMPLAINT

t)     In failing to bleed, isolate, or otherwise neutralize stored hydraulic energy in the outrigger circuit before allowing ground crew to remove the float plate;

u)     In supplying the subject crane to Blattner Energy with a hydraulic system that allowed the outrigger cylinder to retract without operator input; and

v)     In failing to see that the subject crane was inspected by a qualified inspector for crush-point hazards before supply, and failing to remedy unsafe conditions which would be found by such inspection.

23.

As a result of the negligence of defendant Bigge, plaintiff was injured as alleged herein and damaged as alleged herein.

24.

Defendant Bigge's negligent acts constitute violations of ORS 654.305.

**SECOND COUNT**

**Defendant Bigge Crane and Rigging Co.**

Negligence Per Se — Violation of ORS 654.310

25.

Plaintiff incorporates paragraphs 18 through 21 herein.

26.

Defendant Bigge violated one or more of the following rules and regulations made or prescribed by the Oregon Department of Consumer and Business Services, the violation of which caused the injuries to plaintiff:

a)     29 CFR § 1926.1404(a) by failing to ensure that a competent-qualified person directed the disassembly of the crane;

//

Page 8 -     COMPLAINT

PIUCCI LAW
900 SW 13th Ave. Suite 200
Portland, Oregon 97205
Telephone: (503) 228-7385
Fax: (503) 228-2571

b) 29 CFR § 1926.1404(h)(3)(ii) by failing to see that the assembly/disassembly director address hazards associated with dangerous movement;

c) 29 CFR § 1926.1412 (e) and (f), by failing to inspect and maintain the subject crane's hydraulic system to ensure that the outrigger cylinder would not retract once the operator released the controls, and by failing to identify and remedy hydraulic-system defects and crush-point hazards as part of the required shift, monthly, and annual inspections;

d) 29 CFR § 1926.1417(a) and (c), by failing to supply the subject crane with the manufacturer's procedures, warnings, and modifications necessary for safe operation, including warnings and guards at known crush points

e) 29 CFR § 1926.1430 (e), by failing to ensure that workers exposed to the subject crane were trained to keep clear of holes and crush and pinch points;

f) 29 CFR § 1926.20(a)(1), by causing plaintiff to work in surroundings or under working conditions that were hazardous or dangerous to his health and safety;

g) 29 CFR § 1926.21(b)(2), by failing to instruct each employee exposed to the subject crane in the recognition and avoidance of crush and pinch hazards at the outrigger;

h) OAR 437-001-0760 and 29 CFR § 1926.20(b)(1), by failing to implement or enforce an accident prevention program and to see that all workers exposed to the subject crane were instructed and supervised in the safe operation of equipment and processes; and

i) OAR 437-001-0760(7) and 29 CFR § 1926.20(b)(2), by failing to see that the place of employment was inspected by a qualified person, and failing to remedy unsafe conditions found or which should have been found by such inspection.

27.

Violations of those regulations constituted a violation of ORS 654.310.

Page 9 -    COMPLAINT

28.

These regulations were passed to protect individuals in the status of plaintiff and were passed to prevent the type of accident which plaintiff suffered.

## THIRD COUNT

### Defendant Bigge Crane and Rigging Co.

Negligence

29.

Defendant Bigge was negligent as alleged in paragraph 22 above.

30.

As a foreseeable result of defendant Bigge's negligence, plaintiff suffered the injuries alleged above.

## FOURTH COUNT

### Defendants Industrial Inspection & Analysis, Inc. and Aerial & Crane Experts, Inc.

Negligence

31.

On August 9, 2024 — approximately fifty-three days before plaintiff's injury — defendants IIA and ACE jointly inspected the subject crane and certified it as safe for lifting service. They held themselves out as qualified inspectors competent to identify safety hazards on mobile cranes.

32.

Defendants IIA and ACE were negligent in one or more of the following particulars:

j)    In failing to identify the unguarded outrigger crush point on the subject crane during the August 9, 2024 inspection;

PIUCCI LAW
900 SW 13th Ave. Suite 200
Portland, Oregon 97205
Telephone: (503) 228-7385
Fax: (503) 228-2571

k)   In failing to identify the absence of warning stickers, decals, or other hazard communication at the outrigger crush point during the inspection;

l)   In certifying the subject crane as safe for lifting service notwithstanding the unguarded crush point;

m)   In failing to apply industry-standard crane safety inspection criteria to the outrigger assembly;

n)   In failing to train, supervise, and oversee inspector Nicky Starling adequately in the recognition of pinch and crush hazards on rough-terrain cranes;

o)   In failing, during the post-acquisition transition between ACE and IIA, to maintain consistent and rigorous inspection protocols and quality controls;

p)   In failing to test the outrigger cylinder for leak-down, drift, or unintended retraction during the August 9, 2024 inspection;

q)   In failing to identify or document that the outrigger hydraulic system lacked check valves, counterbalance valves, or other engineering controls necessary to prevent unintended retraction;

r)   In certifying the subject crane as safe for lifting service when the outrigger cylinder was capable of retracting without operator input due to stored energy or hydraulic malfunction; and

s)   In failing to report or remedy the unguarded crush point to defendant Bigge.

33.

As a foreseeable result of defendants IIA and ACE's negligence, plaintiff suffered the injuries alleged above.

34.

Plaintiff reserves the right to amend to add a claim for punitive damages pursuant to ORS 31.725, et seq.

Page 11 -   COMPLAINT

WHEREFORE, plaintiff prays for a judgment against defendants, jointly and severally, in the amounts alleged above, and for his costs and disbursements incurred herein.

DATED this 4th day of June, 2026.

By: _____
Joseph E. Piucci, OSB 135325
Of Attorneys for Plaintiff
Telephone:  503-228-7385
Facsimile:  503-228-2571

Page 12 -   COMPLAINT